**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JAMES LEE TILLEY**                                                  **PLAINTIFF**

**V.**                    **CASE NO. 4:14-CV-477 JM/BD**

**RICKY SHROUD, et al.**                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Court Judge James M. Moody, Jr.  Mr. Tilley may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail objections to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.** **Discussion**

James Lee Tilley, a pre-trial detainee at the White County Detention Facility, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that Detention Facility officials denied him access to the law library and the Detention Facility grievance process. The allegations in Mr. Tilley's complaint do not state federal claims. For that reason, the Court must recommend that Mr. Tilley's claims be DISMISSED, without prejudice.

First, unfortunately for Mr. Tilley, an allegation that prison officials impeded access to the courts, standing alone, does not amount to a constitutional violation. This constitutional violation requires a showing that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To show an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or . . . impeded." *Id*. Here, Mr. Tilley has not alleged any actual injury to support this constitutional claim.

Second, the Eighth Circuit Court of Appeals has held that prisoners do not have a constitutional right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison

official's failure to properly process or respond to a grievance, standing alone, is not actionable under § 1983.

### III.  Conclusion

The Court recommends that Mr. Tilley's claims be DISMISSED, without prejudice, this 15th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE